SPAULDING BAKERIES, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96102. Promulgated July 23, 1940.

*J. Richard Riggles, Jr., Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $1,763.41 in personal holding company surtax for the calendar year 1935. The only issue for decision is whether the Commissioner erred in disallowing a deduction of $17,693.93 in determining the amount of undistributed adjusted net income. The facts were stipulated and the Board adopts the stipulation as its findings of fact.

The petitioner, a corporation, was organized under the laws of New York in 1926. Its certificate of incorporation has been in effect from that time up to and throughout the taxable year. That certificate contained provisions requiring that, on or before the end of each year, the corporation set aside out of the surplus or net profits, after payment of preferred dividends, a sum equal to not less than 1 percent nor more than 5 percent of the largest amount of preferred stock which theretofore shall have been issued and outstanding, to be used in the purchase and retirement of preferred stock. No dividends

could be declared upon common stock until the above amount had been set aside. The purchase of the preferred was to be at the lowest prices submitted by preferred stockholders upon sealed offers to sell, in no case to exceed $115 plus accrued dividends. If the funds set aside in any year were not exhausted in such purchases, the excess could be used to retire preferred stock by call or for general corporate purposes.

The largest amount of preferred stock outstanding prior to December 31, 1935, was 17,693 shares. Dividends were not in arrears. The corporation set aside $17,693 in 1935 as required by its certificate of incorporation. It deducted that amount upon its personal holding company return in computing undistributed adjusted net income as an amount set aside to retire indebtedness. The Commissioner disallowed the deduction and explained that an amount set aside to retire preferred stock is not set aside to retire "indebtedness" within the meaning of that term as used in section 351 (b) (2) (B) of the Revenue Act of 1934.

The statute allows a deduction for "amounts used or set aside to retire indebtedness incurred prior to January 1, 1934 * * *." Sec. 351 (b) (2) (B). Another provision is that "the terms used in this section shall have the same meaning as when used in Title I." Sec. 351 (b) (4). The Commissioner defined "indebtedness" as "an obligation, absolute and not contingent, to pay, on demand or within a given time, in cash or other medium, a fixed amount", but not including "the obligation of a corporation on its capital stock." Regulations 86, art. 351–4, as amended by T. D. 4777, C. B. 1937–2, p. 196. The petitioner argues that the above regulation is an attempt to amend the law. He does not contend that the preferred stock itself represents an indebtedness, but argues that the terms of the certificate of incorporation created an indebtedness.

A similar issue was presented in the case of *Haffenreffer Brewing Co.*, 41 B. T. A. 443, where we held under somewhat similar facts that the obligation to set aside funds to retire preferred stock was not to retire indebtedness because no debtor-creditor relationship existed between the corporation and the preferred stockholder. There was no indebtedness here which the petitioner owed any preferred stockholder. The retirement of the preferred stock in accordance with the certificate of incorporation was not the retirement of indebtedness within the meaning of section 351 (b) (2) (B).

*Decision will be entered for the respondent.*